945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Claude Horace HARGRAVE, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 91-5422.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1991.
 
 1
 Before MERRITT, Chief Judge, RYAN, Circuit Judge, and HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 Claude Horace Hargrave, a Kentucky state prisoner, appeals from the district court's order of March 28, 1991, denying his motion to alter or amend the judgment denying his petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hargrave was tried to a jury and found guilty of both trafficking and possession of cocaine along with several misdemeanor possession counts. The trial court merged the lesser offense of possession into the greater offense of trafficking and entered judgment on that conviction. Hargrave's punishment was fixed at seven years imprisonment which was enhanced to a twenty-year sentence under Kentucky's Persistent Felony Offender statute. Hargrave appealed his conviction to the Kentucky Supreme Court, which affirmed the conviction. Hargrave v. Commonwealth, 724 S.W.2d 202 (Ky.1986), cert. denied, 484 U.S. 821 (1987). Thereafter, he filed a state court motion for post-conviction relief claiming that he received ineffective assistance of counsel on appeal. The motion was denied and the Kentucky Court of Appeals affirmed the denial of the motion on May 4, 1990.
 
 
 4
 In his petition for habeas corpus relief, Hargrave asserted eight allegations of error. The district court considered the merits and dismissed the petition with prejudice on February 14, 1991. On appeal, Hargrave reasserts that he was denied effective assistance of counsel and adds that not only was counsel ineffective on appeal but also during trial. He does not take exception to the district court's disposition of the other grounds raised below. We treat the appeal from an order denying a Rule 59 motion as an appeal from a final judgment. See Petru v. City of Berwyn, 872 F.2d 1359, 1361 (7th Cir.1989).
 
 
 5
 Because Hargrave never raised the issue of counsel's ineffectiveness at the trial level prior to this appeal, it is not properly reviewable by this court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990); Pinney Dock & Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1464 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 6
 Therefore, the only question remaining is whether Hargrave received ineffective assistance of appellate counsel. Upon review, we conclude that he did not.
 
 
 7
 Hargrave alleges that his attorney deficiently argued on appeal that a previously unsigned judgment could not be used in the Persistent Felony Offender phase of the trial. More specifically, Hargrave contends that in his opinion, his attorney "made the wrong argument" (Motion to Alter or Amend p. 2). An alternative argument providing only a slight variation on a theme, arrived at with the aid of hindsight, does not rise to the level of an unconstitutional performance by counsel. Additionally, Hargrave does not establish how he was prejudiced. He was not denied effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 8
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation